UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> iCELL GURU, INC. and DANIEL YUSUPOV, <br><br> Defendants. | Civil Action No: 14-CV-3539-FB-RER <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation and agreement by and between the respective counsel for the Parties, which include Sprint Solutions, Inc. and Sprint Communications Company, LP (collectively "Sprint" or "Plaintiffs") and Defendants iCell Guru, Inc. and Daniel Yusupov (collectively "Defendants"), and for good cause shown, IT IS HEREBY ORDERED that this Stipulated Protective Order shall control the disclosure, dissemination, and use of confidential information produced by non-parties in the Lawsuit:

1. <u>Scope of Order</u>. This Order shall govern the production, use, and disclosure of all confidential information and materials produced by a Non-Party (defined for purposes of this Order as "any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action") in response to any subpoena, deposition or discovery request in this action, all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material"). Nothing herein should be construed as prohibiting a Non-Party from seeking additional protections or modifying the rights and duties set forth in Federal Rule of Civil Procedure 45.

2. <u>Designation of Confidential Discovery Material</u>. A Non-Party may, in good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, or personal or competitive considerations, including:

    a. Information and materials that a Non-Party reasonably believes contain: (i) personal information protected by a statute, rule or regulation; (ii) trade secrets; or (iii) other confidential research, development or commercial information;

    b. all training policies, procedures, or documents related to security practices;

    c. Discovery Material reflecting or relating to financial data, including but not limited to documents concerning revenues, costs, and profits; and

    d. Discovery Material that, if disclosed to a business competitor, would tend to damage the Non-Party's competitive position.

3. <u>Method of Designating Material as CONFIDENTIAL</u>.

    a. Designation of confidential Discovery Material shall be made by stamping the legend "CONFIDENTIAL" on the document. Multi-paged Discovery Material must be stamped "CONFIDENTIAL" on each page so designated. If the Discovery Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document.

    b. If originals or other non-bates stamped Discovery Material are made available to a Party for inspection, the entirety of such material shall be treated as

CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Discovery Material. The Non-Party producing such Discovery Material shall designate as CONFIDENTIAL any confidential Discovery Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend "CONFIDENTIAL" on the copies of such Discovery Material. All original or other non-bates stamped Discovery Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

c. Information conveyed or discussed in deposition testimony or a court proceeding may be designated CONFIDENTIAL (as described below) by an indication on the record at the deposition or court proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days after receipt of the transcript of the deposition or court proceeding. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. Until twenty-one (21) days after receipt of the transcript of the deposition or court proceeding, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

4. Use of CONFIDENTIAL Discovery Material. All CONFIDENTIAL Discovery Material may be used solely for the purposes of this action and for no other purpose. CONFIDENTIAL Discovery Material may be disclosed to the following persons:

i. any court before which this action is pending (including this Court) and any court to which an appeal in this action may arise;

ii. the Parties, including present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

iii. in-house and outside counsel representing the Parties and their support personnel whose functions require access to such CONFIDENTIAL Discovery Material;

iv. any actual or potential witness or deponent, who has previously obtained access to much material through lawful and legitimate means, to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

v. outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

vi. court reporters and other persons engaged in preparing transcripts of testimony or hearings for this Lawsuit;

vii. experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action; and

        viii. any other person who is so designated by order of any court before which this action is pending (including this Court), or by agreement of the producing Non-Party.

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (vii) or (viii) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

5. <u>Use of CONFIDENTIAL Discovery Material at Deposition</u>. Any Party may use CONFIDENTIAL Discovery Material as an exhibit in a deposition taken in this Lawsuit, subject to such exhibit being marked as CONFIDENTIAL and such exhibit otherwise being used pursuant to the terms of this Order. If deposition testimony concerning CONFIDENTIAL Discovery Material is requested or elicited, counsel for the producing Non-Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.

6. <u>Responding to Subpoenas Requesting CONFIDENTIAL Discovery Material</u>. If a person in possession of CONFIDENTIAL Discovery Material who is not the producing Non-Party with respect to that Material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL Discovery Material, he/she shall immediately give written notice to counsel for the producing Non-Party identifying the CONFIDENTIAL Discovery Material sought and the date and time production or other

disclosure is required. The Party receiving the subpoena or other request seeking production shall reasonably cooperate with the producing Non-Party should the producing Non-Party want to seek a motion to quash or motion for protective order with respect to the request for CONFIDENTIAL information.

7. <u>Filing CONFIDENTIAL Discovery Material Under Seal</u>. Whenever any document designated as "CONFIDENTIAL" or any pleading containing CONFIDENTIAL information is filed, such document or pleading shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL - SUBJECT TO ORDER PROHIBITING PUBLIC DISCLOSURE." Materials presented as sealed documents pursuant to this Order shall be in a sealed envelope or other appropriately sealed container on which shall be endorsed the case caption, an indication of the nature of the contents of the sealed envelope or container, the filing date of this Order, and the identity of the Party or Non-Party filing the documents. The Court will maintain under seal all such CONFIDENTIAL Discovery Material.

8. <u>Challenges to Designation of Discovery Material as "CONFIDENTIAL."</u> A Party who receives Discovery Material designated as "CONFIDENTIAL" may challenge the designation at any time by motion to this Court. In the event a designation is challenged, the Non-Party who designated the document(s) or information as "CONFIDENTIAL" bears the burden of proof that such documents and/or information contain or consist of information that qualifies under the terms of this Order. The Parties agree to maintain the confidentiality of any such CONFIDENTIAL Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

9. <u>Exemptions for Authors and Material Independently Obtained or Publicly Available.</u>

Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a Party independent of discovery in this action, whether or not the same material has been obtained during the course of discovery in this Lawsuit and whether or not such documents or information have been designated "CONFIDENTIAL." Accordingly,

    a. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or bound by this or a comparable Order or obligation; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

    b. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" to such persons as appear on the face of the document to be its author or to have received the Discovery Material.

10. <u>No Waiver of Privilege</u>.

    a. The terms of this Order shall in no way affect a Non-Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

    b. The production of any document or other information during discovery shall be without prejudice to any claim that such material is protected from discovery under

the attorney-client or other privilege such as work product, and no Party or Non-Party shall be held to have waived any rights by such production. Upon written request by the producing Non-Party, the receiving Party shall: (a) sequester the original and return all copies of such inadvertently produced privileged documents; (b) shall not review, copy, or disseminate the privileged documents or information other than as allowed under the Federal Rules of Civil Procedure; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

11. <u>No Admission</u>. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by a Party or Non-Party to a designation of "CONFIDENTIAL" hereunder nor in relation to the merits of any claims or defenses raised in this Lawsuit.

12. <u>Court Retains Jurisdiction</u>. The Court shall retain jurisdiction over the Parties and Non-Parties designating Discovery Material under this Order for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

13. <u>Post-Action Treatment of CONFIDENTIAL Discovery Material</u>. No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL Discovery Material shall return all such CONFIDENTIAL Discovery Material, including all copies, extracts, and summaries, to the producing Non-Party, or, in lieu thereof, shall certify in writing that all CONFIDENTIAL Discovery Material has

been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL Discovery Material.

14. <u>Continuing Effect of this Order.</u>  Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL Discovery Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order.

15. <u>Modification of this Order</u>. Any Party or Non-Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL Discovery Material, including the use of such material in submissions to the Court. Nothing in this Order shall preclude the Parties or any Non-Party from moving to amend or modify this Order by stipulation, or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing and applies only to CONFIDENTIAL Discovery Materials that were produced by the signatories to such an agreement.

16. <u>Entry and Enforcement of Order by the Court.</u> The Parties submitted this Order for entry by the Court and agree to be bound by the terms effective as of the date the stipulation was fully executed by the Parties, as if the Order had been entered on that date. The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL Discovery Material pursuant to this Order who discloses or uses the CONFIDENTIAL Discovery Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.  All persons to whom

CONFIDENTIAL Discovery Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Discovery Material has been disclosed, both during and after the pendency of this case.

IT IS SO ORDERED.

Done and Ordered this _____ day of _____, 2015.

_____
United States District Judge

APPROVED FOR ENTRY:

_____
Jennifer A. Yasko (JY/4034)
Email: jyasko@CFJBLaw.com
James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@CFJBLaw.com
*Admitted pro hac vice*
Stacey K. Sutton
Florida Bar No. 0289530
Email: ssutton@CFJBLaw.com
*Admitted pro hac vice*
**CARLTON FIELDS JORDEN BURT, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Phone: (561) 659-7070
Fax: (561) 659-7368

Gail E. Podolsky
Georgia Bar No. 142021
Email: gpodolsky@CFJBLaw.com
*Admitted pro hac vice*
**CARLTON FIELDS JORDEN BURT, P.A.**
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714
Fax: (404) 815-3415

*Attorneys for Sprint Solutions, Inc. and
Sprint Communications Company L.P.*

_____
Kevin Tung, Esq. (KT-1478)
Kevin Kerveng Tung, P.C.
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Phone: (718) 939-4633
Email: ktung@kktlawfirm.com
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINT SOLUTIONS, INC., *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>iCELL GURU, INC., *et. al.*, )<br>)<br>Defendants. ) | Civil Action No: 14-CV-3539-FB-RER |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____ _____
Signature

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for viewing and downloading.

This 3rd day of June, 2015.

_____
Gail Podolsky (admitted *pro hac vice*)
Email: gpodolsky@CFJBLaw.com

*Attorneys for Sprint Solutions, Inc. and*
*Sprint Communications Company L.P.*