

ATTORNEYS AT LAW

One Atlantic Center
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia  30309-3455
404.815.3400 | fax 404.815.3415
www.CFJBLaw.com

Atlanta
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Gail Podolsky
404-815-2714
gpodolsky@cfjblaw.com

July 7, 2015

The Honorable Ramon E. Reyes, Jr.   VIA ECF
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    *Sprint Solutions, Inc., et. al. v. iCell Guru, Inc., et. al.*, USDC, Eastern District of New York, Civil Action No. 1:14-CV-3539-FB-RER

## MOTION FOR PROTECTIVE ORDER

Dear Judge Reyes:

      This firm represents Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs").  Pursuant to FRCP 37, Local Rule 37.3(a) and Your Honor's Individual Rule III(C), we write to respectfully request that the Court grant Sprint's motion for protective order precluding the deposition of Sprint's highest ranking executive, Chief Executive Officer ("CEO") Marcelo Claure and excusing Sprint from responding to Defendants' untimely written discovery requests. On June 29th Sprint sent Defendants' counsel an email raising these discovery issues[1] and on July 1st counsel for the parties met and conferred telephonically.  Despite these good faith attempts, the parties' discovery disputes remain unresolved.

### I. Summary of Relevant Discovery

      The discovery period in this case is nearly closed and the Court "warned that discovery will not be extended."  [June 24, 2015 Minute Entry].  Moreover, on June 23, 2015, counsel for the parties appeared before Your Honor at a status conference during which counsel for Defendants, Ge Li, confirmed that Defendants had not served any written discovery requests on Sprint and that they did not intend to take any depositions.  At that time, the Court ordered the parties to serve final written discovery requests, if any, on or before June 26, 2015.  Despite the Court's clear and unambiguous order, Defendants failed to comply with the Court's directive and served untimely requests for production of documents and interrogatories on June 27th.[2]  Defendants also noticed as their first and only deposition, Sprint's highest ranking executive, CEO, Marcelo Claure.  Defendants failed to articulate a single, legitimate reason for why Sprint's CEO must be deposed.  Their desire to depose Sprint's CEO is pure harassment and a sharp litigation tactic that should not be permitted.  Given Defendants' virtually complete absence from participation in discovery for nine months and their repeated discovery violations throughout this entire time, Sprint respectfully requests that its motion be granted and this discovery not be had.

---

[1] A copy of Sprint's June 29, 2015 good faith communication is attached hereto as **Exhibit A**.
[2] Defendants' Requests for Production of Documents, Interrogatories and Certificate of Service are attached hereto as **Exhibit B**.

101570071.3

The Honorable Ramon E. Reyes, Jr.
July 7, 2015
Page 2

## II. Legal Argument

"Pursuant to the Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter ... that is relevant to the claim ... of the party...." *Harris v. Computer Associates, Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001). However, "[a] district court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding or limiting the scope of disclosures or discovery." *Milione v. City University of New York*, 950 F. Supp. 2d 704, 713 (S.D.N.Y. 2013) (internal quotation omitted) (granting Rule 26(c) motion for protective order).

### A. Protective Order Should be Entered to Preclude the Deposition of Sprint's CEO

"Apex depositions are disfavored in this Circuit unless [the executives] have personal knowledge of relevant facts or some unique knowledge that is relevant to the action." *Alliance Industries, Inc. v. Longyear Holding, Inc.*, No. 08-490, 2010 WL 4323071, at *4 (W.D.N.Y. Mar. 19, 2010) (internal quotation omitted) (quoting *In re Ski Train Fire of November 11, 2000 Kaprun Austria,* MDL Docket # 1428, 2006 U.S. Dist. LEXIS 29987, at *29–30 (S.D.N.Y. May 16, 2006) ("Courts disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action;" denying motion to compel depositions of CEO and Chairman). "The limitation on [depositions of apex witnesses] finds its source in the concern that litigants may be tempted to use such depositions—and the disruption that they may occasion—as a form of leverage or harassment by forcing senior officials to spend time in preparing for and attending a deposition when they have little or no pertinent testimony to offer." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-5316, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) (granting motion for protective order precluding deposition of high ranking (former) executive because party seeking deposition failed to establish that the executive had any relevant first-hand knowledge of the case); *Alex & Ani, Inc. v.. MOA Int'l Corp.,* No. 10-4590, 2011 WL 6413612 (S.D.N.Y. Dec. 21, 2011) ("While senior executives are not immune from discovery, "[c]ourts have recognized an additional layer of protection for senior corporate executives subject to depositions").

Defendants have no legitimate basis to depose Sprint's CEO and their attempt to take this deposition presents another example of their improper attempts to exponentially increase Sprint's litigation costs.[3] Indeed, the only deposition Defendants are seeking is Sprint's CEO. Defendants have not attempted to first depose a Sprint corporate representative or any of the numerous other witnesses Sprint identified as having discoverable information prior to noticing Mr. Claure's deposition. Further, Mr. Claure was not identified by any of the parties as having discoverable information relevant to this lawsuit and, in fact, he does not have any specific, unique or personal knowledge of the facts in this case nor do the Defendants contend that he has any such information. Mr. Claure is the CEO of a publicly traded, Fortune 100 company with more than 40,000 employees. He has a very demanding schedule and should not be subjected to this blatant harassment.

During the parties' good faith conference, Sprint's counsel specifically asked for the reasons why Defendants are seeking to depose Sprint's CEO. Defendants' counsel stated that Mr. Claure has information regarding his prior employer, Brightstar Corp., a non-party to this litigation. Defendants' counsel went on to state that Brightstar allegedly did business with Wireless Buybacks, LLC, another non-party to this litigation and Wireless Buybacks purchased phones from Defendants. Thus, Defendants' counsel concluded that Mr. Claure has relevant information to this litigation. This labored transitive relationship between Mr. Claure and Defendants, by way of several non-parties, does not amount to even a

---

[3] Defendants' Notice of Deposition of Marcelo Claure is attached hereto as **Exhibit C**.

101570071.3

scintilla of evidence that Mr. Claure has specific, unique and first-hand knowledge of Defendants or the particulars of this case. In fact, when asked whether Defendant Yusupov had ever spoken to Mr. Claure, Defendants' counsel did not know the answer. Defendants' counsel's failure to set forth a single, legitimate reason for this deposition demonstrates that it is an improper fishing expedition and unlawful attempt to harass Sprint. Accordingly, the deposition of Sprint's CEO should be precluded. *See Milione*, 950 F. Supp. 2d at 713 (internal quotation omitted) (granting Rule 26(c) motion for protective order precluding deposition of CUNY Chancellor who had no personal knowledge of the facts in this case and plaintiff failed to establish otherwise), *affirmed by*, 567 Fed. Appx. 38, 42 (2d Cir. 2014); *Guzman v. News Corp.,* No. 09-9323, 2012 WL 2511436, at *1 (S.D.N.Y. June 29, 2012) (granting motion for protective order to preclude deposition of CEO Rupert Murdoch because "Plaintiffs have not produced any evidence that Murdoch has any special or unique knowledge that could not be obtained elsewhere."); *Deluca v. Bank of Tokyo-Mitsubishi UFJ*, No. 05-639, 2007 WL 2589534, *2 (S.D.N.Y. Aug. 30, 2007) ("A protective order is warranted unless it can be demonstrated that a senior corporate official has personal knowledge of relevant facts or some unique knowledge that is relevant to the action;" granting motion for protective order precluding deposition of high-ranking executive) (internal quotation omitted; citation omitted).

The deposition should also be precluded because there are other more knowledgeable and appropriate witnesses available to provide deposition testimony pertinent to this case. For example, Sprint's initial disclosures identify witnesses including corporate representatives who have first-hand knowledge of Defendants' activities in this case. These witnesses are considerably more appropriate deponents than Mr. Claure, who has no personal or unique knowledge of this case whatsoever. *See Guzman,* 2012 WL 2511436 at *1 ("unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a[ ] deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned;" precluding deposition of Chairman Rupert Murdoch) (internal quotations omitted); *Harris*, 204 F.R.D. at 46 (refusing to compel the deposition of defendant's chairman and chief executive officer, holding that when a corporate executive "can contribute nothing more than a lower level employee, good cause is shown not to take the deposition."). Defendants have not provided any evidence to suggest that Mr. Claure has unique personal knowledge that is relevant to any claims or defenses in this case that cannot be readily obtained through less burdensome means. Moreover, the vagueness of the information sought by Defendants suggests that they are unable to identify a concrete issue that would legitimately support taking Mr. Claure's deposition, which is further confirmation that their notice of deposition was motivated by harassment.

      B.      **Protective Order Should be Entered to Excuse Sprint from Responding to Untimely Discovery Requests**

The Court ordered the parties to serve final written discovery requests by June 26th. Defendants failed to comply with this directive and served their untimely requests by mail, fax and email on June 27th. *See* **Exhibit B**. For this reason alone, the Court should enter a protective order excusing Sprint from responding to the untimely discovery. Even absent the Court's directive, Defendants' requests are untimely under the Federal Rules because they were not served within 33 days of the close of discovery. *See* FRCP 33(b)(2) and 34(b)(2) (responses to interrogatories and requests for the production of documents must be served within 30 days); FRCP 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)). Defendants had the option of serving Sprint by hand delivery and chose not do to so. Because they served their discovery requests via mail, email and fax, the responses are due on July 30th, which is three days after the close of discovery.[4] *See* FRCP 5(b)(C) and (E), and 6(d); *Flanagan v. Town of Orangetown*, No. 96-6174, 1997 WL 139490, at *1 (S.D.N.Y. Mar. 27, 1997) ("Since it appears that these

---

[4] Sprint, on the other hand, obeyed the Court's Order and served its final written discovery requests on Defendants on June 26th by hand delivery to ensure that they would not run afoul of the impending discovery deadline. *See* FRCP 5(b)(2)(A) and 6(d).

The Honorable Ramon E. Reyes, Jr.
July 7, 2015
Page 4

discovery requests were served by mail, defendants' response was due thirty-three (33) days after service."); *S.E.C. v. M.T.L. International Finance, Inc.*, No. 96-7412, 2000 WL 193094, at *1 (S.D.N.Y. Feb. 14, 2000) ("a party served by mail with discovery requests and interrogatories has 33 days to respond"); *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-5560, 2009 WL 398751, at *1 (S.D.N.Y. Feb. 18, 2009) ("Where service is made by electronic means or by mail, three days are added to this time period. Fed.R.Civ.P. 6(d). Since all parties' discovery requests were served electronically … responses were due 33 days later").

Defendants had every opportunity to propound discovery requests for nine months. They were ordered to serve them no later than June 26th. Defendants failed to follow the Court's clear and unambiguous directive and their dilatory conduct should not be excused. *See Schultz v. Tribune Co., Inc.*, No. 06-4800, 2008 WL 5111879, at *3 (E.D.N.Y. Dec. 4, 2008) ("As Judge Reyes succinctly put it: 'When the first document request is made a year after the initial disclosures that are alleged to have been insufficient and the [first] document request is on the eve of the close of discovery, you can't complain that you didn't have time to take depositions because you didn't get the documents that you didn't request until discovery was almost over;'" denying motion to reconsider discovery order). Therefore, Sprint should be excused from responding to Defendants' untimely written discovery requests. *See Watkins v. Chang & Son Enterprise Inc.*, No. 08-1361, 2008 WL 4682332, at *1 (E.D.N.Y. Oct. 21, 2008) (discovery requests were denied as untimely where they were not served far enough in advance of the discovery deadline); *Dunkin' Donuts Franchised Restaurants, LLC v. 1700 Church Ave. Corp.*, No. 07-2446, 2008 WL 1840760, at *1 (E.D.N.Y. Apr. 23, 2008) ("defendants should have served their requests for documents at least 30 days before the close of discovery. *See* Fed.R.Civ.P. 34(b) (written response due 30 days after service of a document request);" requests were deemed untimely).

Sprint respectfully requests that the Court grant Sprint's motion for protective order prohibiting the deposition of Sprint's CEO Marcelo Claure and excusing Sprint from responding to Defendants' untimely discovery requests.

Thank you for your consideration.

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A.

*/s/ Gail Podolsky*

Gail Podolsky
*Attorney for Plaintiffs*

Attachments

cc:   Counsel of record (via ECF)

101570071.3