```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SPRINT SOLUTIONS, INC., and SPRINT
COMMUNICATIONS COMPANY L.P.,

                Plaintiffs,
                                                        FINDINGS OF FACT AND
        -against-                                       CONCLUSIONS OF LAW
                                                        14-3539 (FB)
iCELL GURU, INC., and DANIEL
YUSUPOV,

                Defendants.
------------------------------------------------------x
```

*Appearances:*
| | |
|---|---|
| *For the Plaintiffs* | *For the Defendants* |
| RUSSELL S. JONES, JR. | KEVIN K. TUNG |
| Polsinelli PC | Kevin Kerveng Tung P.C. |
| 900 W. 48th Place, Suite 900 | 136-20 38th Avenue, No. 3D |
| Kansas City, Missouri 64112 | Flushing, New York 11354 |

**BLOCK, Senior District Judge:**

Sprint Solutions, Inc. and Spring Communications Company L.P. ("Sprint") bring this trademark infringement case against iCell Guru, Inc. and its owner, Daniel Yusupov (together, "iCell Guru"), under the Lanham Act, 15 U.S.C. §§ 1051-1141n and New York unfair competition law. The case was tried before the Court without a jury November 7-9, 2016. In accordance with Federal Rule of Civil Procedure 52(a), the following are the Court's combined findings of fact and conclusions of law.

## Lanham Act Claim

Sprint accused iCell Guru of trademark infringement under the Lanham Act when it sold iPhones programmed to be used exclusively on the Sprint network. On June 7, 2016, the

Court issued a memorandum and order granting partial summary judgment in favor of Sprint. It found that, as a matter of law, it was a trademark infringement for iCell Guru to sell iPhones to be used on the Sprint network with "bad" electronic serial numbers.[1] However, it determined that "damages flowing from that conduct necessarily depend on the number of such phones sold, and Sprint has not established that number with any precision." SJ Order at 7.

Thus, to recover on their Lanham Act claim at trial, Sprint needed to establish the number of Sprint phones with bad ESNs that iCell Guru sold. To do so, they introduced Plaintiffs' Exhibit 2, a chart listing ninety-seven iPhones sold by iCell Guru; Sprint claimed that these ninety-seven phones had bad ESNs for one of three reasons: "never activated," "upgrade fraud," and "lost/stolen."

<u>Never Activated</u>. Seventy-one of the ninety-seven phones listed on Plaintiffs' Exhibit 2 were marked as "never activated." Sprint's witness Clint Breithaupt ("Breithaupt"), a certified fraud examiner at Sprint, testified that these phones were flagged as having bad ESNs because he "saw that [they were] not activated on Sprint's network." Tr. 153:5-6. After additional analysis, Breithaupt discovered that those seventy-one phones were supposed to be in Sprint's warehouse. Therefore, he assumed that those phones were "stolen from the warehouse, because otherwise [he] would have seen some kind of shipping documentation

---

[1] An electronic serial number ("ESN") is a unique number assigned to each mobile phone. ESNs are used by Sprint and other mobile phone carriers to track phone usage. For the purposes of this case, a "bad ESN" means that Sprint has flagged the phone and will not activate the phone on its network.

from them." Tr. 153:10-12.

However, Breithaupt conducted this examination during discovery in this litigation: during discovery, iCell Guru disclosed the ESN numbers of certain phones it sold, including these seventy-one phones, at which time Breithaupt checked those ESNs and found that they were supposed to still be in Sprint's warehouse. Only then did Breithaupt flag those phones as having bad ESNs. At the time iCell Guru sold the seventy-one "never activated" phones, then, they did not have bad ESNs; therefore, the sale of these phones does not constitute trademark infringement.

<u>Upgrade Fraud</u>. Twenty-two of the ninety-seven phones listed on Plaintiffs' Exhibit 2 were marked as "upgrade fraud." Breithaupt testified that "upgrade fraud" meant "that those phones were purchased and resold and they were not activated on the Sprint network for thirty days." Tr. 167:2-3. Five of these twenty-two phones were initially sold to iCell Guru by Stuart Drobney ("Drobney"), Sprint's private investigator. Tr. 170:15-25. This was clearly not upgrade fraud: Sprint gave Drobney those phones for the purpose of selling them to defendants to further their investigation in preparation for litigation. This calls into question the accuracy of labeling the other seventeen phones as "upgrade fraud."

Indeed, Breithaupt does not recall contacting the individuals who allegedly sold their upgraded Sprint phones to iCell Guru; it is possible that any one of those individuals was entitled to sell his or her upgraded phone because, by the terms of his or her contract with Sprint, he or she had title to that phone immediately after upgrading. The Court therefore

3

finds that Sprint has not established that the twenty-two phones marked "upgrade fraud" were actually bad ESN phones at the time that iCell Guru sold them.

<u>Lost/Stolen</u>. The remaining four phones on Plaintiffs' Exhibit 2 are marked "lost/stolen." Breithaupt testified that these phones are so marked because they were "reported lost or stolen by customers." Tr. 193:9-10. However, one of the four phones was marked "lost/stolen" six months *after* iCell Guru sold that phone; this phone did not have a bad ESN at the time iCell Guru sold it. *See* Tr. 194:21-23. The other three "lost/stolen" phones were not discussed at trial, but in light of the fact that Sprint failed to prove the other ninety-four phones on Plaintiffs' Exhibit 2 actually had bad ESNs at the time iCell Guru sold them—despite labeling them otherwise—the Court is not persuaded that the remaining three phones had bad ESNs when iCell Guru sold them.

## Unfair Competition Claim

In respect to Sprint's unfair competition claim under New York state law, it must show that iCell Guru, in bad faith, infringed upon its trademark by selling Sprint iPhones with bad ESNs. Because Sprint did not prove that defendants actually sold any iPhones with bad ESNs at the time of sale, its unfair competition claim fails.

## Conclusion

Sprint elicited evidence suggesting defendants' business was not always on the up-and-up. But Yusupov's petulant deposition testimony, the fact that iCell Guru *bought* bad ESN phones (allegedly for parts), and the existence of counterfeiting materials at iCell Guru's place

4

of business does not establish what is necessary for Sprint to recover under the Lanham Act and New York unfair competition law: that iCell Guru actually *sold* bad ESN Sprint phones. The Court therefore concludes that Sprint is not entitled to any damages.

**SO ORDERED**

                                                           /S/ Frederic Block
                                                          FREDERIC BLOCK
                                                          Senior United States District Judge

Brooklyn, New York
April 28, 2017